UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1-19-cr-17-RJC |
|   Plaintiff, | ) | |
| | ) | |
|         v. | ) | |
| | ) | |
| | ) | |
| JOSEPH F. WISEMAN, JR. | ) | |
|   Defendant. | ) | |
| _____) | | |

**MOTION TO FILE DEFENDANT WISEMANS MEDICAL RECORDS UNDER SEAL**

NOW COMES Defendant, Joseph F. Wiseman, Jr., (Mr. Wiseman) by and through his undersigned counsel, and hereby moves, pursuant to Local Criminal Rule 491.1(a), (d) and Local Civil Rule 6.1(c) and 45.1(d) to seal copies of Mr. Wiseman's medical records which will be tendered to the Court under separate filing, if the instant motion is granted, in support of the motion for a departure from the applicable Guidelines level.

Included in Mr. Wiseman's sentencing memorandum is a motion to depart from the applicable Guidelines range pursuant to Guideline § 5H1.4. Doc. No. 28, pp. 28-31. That provision encourages a sentencing court to depart from the applicable sentencing range based on an atypical medical condition where "home detention may be as efficient as, and less costly than, imprisonment." In his sentencing memorandum, Mr. Wiseman shared some but not all of his medical

conditions that would support a downward departure. And, Mr. Wiseman did not disclose, for privacy reasons, the precise medical procedures that he is presently undergoing to treat and ameliorate his medical conditions.

Mr. Wiseman has now obtained relevant medical records which we submit will be of assistance to the Court in evaluating the extent of Mr. Wiseman's medical conditions. We further submit that those records will support our position that given those conditions, a sentence below the applicable Guideline range or sentence to home detention will be more efficient and less costly than a lengthy period of incarceration for a first-time offender with no likelihood of recidivism.

This Court's local civil and criminal rules recognize that the presumption that materials filed with the Court will be filed unsealed may be overcome in certain situations where there are compelling reasons that certain information should nonetheless be sealed. *See* LCvR 6.1(a) and LCrR 49.1.1(a).[1] Medical records, which are protected from disclosure by the federal HIPAA law, typically fall within this exception. *See, e.g., Pinnix v. SSC Silver Stream Operating Co., LLC*, No. 7:14-CV-00161-FL, 2015 WL 4671979, at *10–11 (E.D.N.C. Aug. 6, 2015) (sealing medical records because they are not generally available to the public and

---

[1] The Fourth Circuit Court of Appeals has expressly recognized that the right to public access to documents filed in the courts must, at times, give way to a higher interest in maintaining the secrecy of that information: *United States v. Moussaoui*, 65 Fed. Appx. 881, 886 (4th Cir. 2003) (citations and quotation marks omitted).

determining that, because they are medical records, no reasonable alternative to sealing existed); *see also Wilson v. Thomas*, 2014 WL 6694140 (E.D. N.C. 2014) (there is "[n]o compelling public interest in sensitive medical records."); *James v. Servicesource, Inc.*, 2007 WL 4190794 (E.D. VA. 2007) (Because of the "sensitive nature" of medical records, the request to seal was granted as reasonable).

Many other courts have granted motions to seal medical records. *See e.g. Briggs v. Marriott Int., Inc.*, 368 F. Supp. 2d 461, 463 (D. MD. 2005) (recognizing the privacy interests in medical records and granting motion to seal the same); ); *see also McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2017 WL 4250054, at *3 (W.D.N.Y. Sept. 26, 2017) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information.") (internal quotations and citations omitted); *Baylor v. Comprehensive Pain Mgmt. Centers, Inc.*, No. 7:09-CV-00472, 2011 WL 451950, at *2 (W.D. Va. Feb. 1, 2011) ("The Court finds that, to the degree the public might have any interest in viewing [these medical records], *such interest is plainly outweighed by Congress's clear statement that PHI not be made public*. See 45 CFR § 164 *et seq.*") (emphasis added).

Even prior to the enactment of HIPAA, one federal appellate court aptly summarized the different plane upon which a person's medical records stand and their entitlement to privacy protections:

> There can be no question that an employee's *medical records*, which may contain intimate facts of a personal nature, are well within the ambit of materials *entitled to privacy protection*. Information about one's body and state of health is a matter which the individual is ordinarily entitled to retain within the 'private enclave where he may lead a private life.' It has been recognized in various contexts that medical records and information stand on a different plane than other relevant material. For example, the Federal Rules of Civil Procedure impose a higher burden for discovery of reports of the physical and mental condition of a party or other person than for discovery generally. *Compare* Fed. R. Civ. P. 35 *with* Fed. R. Civ. P. 26(b). See also 8 Wright and Miller, Federal Practice and Procedure: Civil, §§ 2237, 22389(1970). *Medical files are the subject of a specific exemption under the Freedom of Information Act. 5 U.S.C. §552(b)(6) (1976).* This difference in treatment reflects a recognition that information concerning one's body has a special character. The medical information requested in this case is more extensive than the mere fact of prescription drug usage by identified patients considered in Whalen v. Roe and may be more revealing of intimate details. Therefore, we hold that it falls within one of the zones of privacy entitled to protection.

*United States v. Westinghouse Electric Corp.*, 635 F.2d 570, 577 (3d Cir. 1990 (emphasis added)).

In addition, Local Civil Rule 45.1 specifically contemplates that medical records will not be disclosed to the public. That Rule provides, in pertinent part, that copies of medical records tendered to the Court "may not be inspected or copied by

any persons, except the parties and their attorneys, unless ordered published by the judge at the time of the hearing or trial." LCvR 45.1(d).

Here, Mr. Wiseman has a compelling privacy interest in his medical records and there is no compelling interest in the public disclosure of these medical records. Additionally, redaction is not a viable alternative here – the fact that these records are Mr. Wiseman's records are obvious from the context of filing, and the underlying private medical information is the very information that Mr. Wiseman wishes the Court to be able to fully review and consider. Redaction would neither protect Mr. Wiseman's privacy nor permit the Court to review the relevant information for which the records are sought to be filed.

Accordingly, Mr. Wiseman respectfully moves this Court to grant the instant motion to seal.

Respectfully submitted, this 26th day of August 2019.

>DABROWNLAW LLC
>/s/david a. brown, sr.
>David A. Brown, Sr.
>NC Bar No. 48997
>360 Rosemore Place
>Rock Hill, SC 29732
>Dabrownsr79@gmal.com
>(704) 654-9418
>
>Pierson Law, LLC
>/s/ Holly A. Pierson
>Holly A. Pierson
>Georgia Bar No. 579655
>3127 Maple Drive, NE

Atlanta, GA 30305
hpierson@piersonlawllc.com
(404) 353-2316

## CERTIFICATE OF SERVICE

This is to certify that I have filed the foregoing Motion to File Medical Records Under Seal, this day through the federal electronic filing system which will send notification to opposing counsel and counsel for co-defendants.

This the 26th of August 2019.

DABROWNLAW, LLC

/s/ David A. Brown
David A. Brown