UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:19-CR-017 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOSEPH F. WISEMAN, JR. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM**

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney, and respectfully submits this response to the defendant's sentencing memorandum, filed on August 21, 2019, in which he seeks a downward departure, from the guideline range of 37-46 months, down to a sentence of no active incarceration. The Government is filing this response not to address or dispute each of the defendant's arguments at this time, but rather to highlight several items that will be the subject of discussion at the sentencing hearing.

At pages 32 through 36 of his memorandum, the defendant seeks a reduction in his offense level, pursuant to USSG § 3B1.2, for his alleged "minor" role in the offense. The Government would contend, if necessary, that such an adjustment is

completely inappropriate for the person who actually provided the bribes to the public officials, and without whom the crime could not have occurred.

A more immediate impediment arises for the defendant, however: in Paragraph 8(c) of the plea agreement, filed as Document 2, the parties agreed to recommend the base offense level, as well as specific offense characteristics based on more than one bribe, the value of the payments, and the involvement in the scheme of a high-level public official. There was no mention whatsoever of any adjustment, up or down, for role in the offense.

Then, in Paragraph 8(e) of the agreement, "the parties agree that they will make the above recommendations as to the offense level, and *will not seek any other* enhancements or *reductions to the offense level*." (Emphasis added.) The parties are bound by this agreement, and the Government is entitled to its enforcement.

The defendant also argues that there is an "overstated loss amount," citing an application note to USSG § 2B1.1. The defendant's argument is ill-founded twice over. First, as discussed above, the parties have agreed in their contract that the offense level should be enhanced by six levels, based on "the value of the payments between $40,000 and $95,000." Plea Agreement, page 2, Paragraph 8(c). While the defendant couches this as a basis for a departure, it is difficult to reconcile this request with a promise in the plea agreement, as cited above, to recommend that the

2

sentencing court apply that six-level enhancement and not to seek any other reductions in the offense level.

The second impediment is that the defendant mistakenly refers to, and cites commentary and case law, on the subject of *loss* amounts, and then argues from that that there really was little or no *loss*, as contemplated by § 2B1.1, hence the supposed overstatement. Here, however, the applicable guidelines do not refer to loss amounts. As the plea agreement notes at Paragraph 8(c), the applicable guideline here is § 2C1.1(2), which merely incorporates the table in § 2B1.1when the payments, as here, exceed $6,500. There can be no question of "overstated loss amount" when there is no loss amount whatsoever. The defendant does not, and cannot, claim that the value of the bribe payments is overstated. The Court should therefore reject his argument on this point.

Finally, the defendant devotes space in his memorandum, and even attaches a supplemental legal memorandum, arguing a legal position that is not relevant to the offense and the guideline range before the Court. That is, the defendant puts forth an argument claiming that all but the trips cited in his bill of information were (at least in some part) legitimate business trips, and therefore the accompanying lavish gifts, meals, lodging, and side trips do not legally constitute bribes.

The defendant's attorneys raised this same argument with the Government from the beginning of our meetings and plea negotiations, and the Government's

research left it in a diametrically opposed position as to what the state of the law is. Indeed, the Government remains convinced that the defendant's interpretation of the case law, and especially his reliance on the decision in *United States v. Sun-Diamond*, 526 U.S. 398 (1999), is mistaken. The continuing disagreements between the parties on this issue contributed in no small part to the inability of the parties to reach a plea agreement for several months.

The final disposition in this case, focusing entirely on the trips and gifts as to which the defense conceded there had been no legitimate business purpose, was the result of the parties' negotiation. The resurrection and inclusion of the defendant's arguments at this time and in this context is surprising and, ultimately, irrelevant.

Respectfully submitted, this 26th day of August, 2019.

                                      R. ANDREW MURRAY
                                      UNITED STATES ATTORNEY


                                      /s/ Richard Lee Edwards

                                      RICHARD LEE EDWARDS
                                      ASSISTANT U. S. ATTORNEY
                                      N.C. Bar Number 30205
                                      100 Otis Street
                                      Asheville, NC 28801
                                      Telephone: (828) 271-4661
                                      Fax: (828) 271-4670
                                      E-mail: Richard.Edwards2@usdoj.gov