IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:19-CR-17 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH F. WISEMAN, JR. | ) | |
| | ) | |

## MEMORANDUM

Defendant, Joseph F. Wiseman, Jr. ["Wiseman"], pled guilty to knowingly and willfully conspiring with County Manager Wanda Greene, Assistant County Manager Jon Creighton, and Assistant County Manager Amanda Stone to devise and execute a scheme and artifice to defraud and deprive the citizens and Government of Buncombe County of their right to the honest and faithful services of Greene, Creighton, and Stone through bribery, kickbacks, and the concealment of material information. (Doc. 1, Bill of Information #15; Doc. 38, Judgment p. 1.)

### Statement of Facts

"By 2014, the defendant [Wiseman] and the co-conspirator County employees conspired to execute a pattern and practice of soliciting and accepting trips, valuable gifts, and other things of value from the defendant that were entirely unrelated to any legitimate County business." (Doc. 3, Factual Basis #9.)

"Creighton and Greene had the authority to award or deny the contracts that EIC has with the County. They and the defendant [Wiseman] understood and agreed that his providing ... trips, gifts, and favors was a necessary condition to EIC's continuing to obtain contracts with the County." (Doc. 3, Factual Basis #10.) At his September 19, 2019 deposition, Jon Creighton confirmed the foregoing fact, under oath, as also alleged in paragraph #23 of the Bill of Indictment in 1:18-CR-88.

"During the time period when EIC was providing trips and other things of value to those Buncombe County officials, the defendant [Wiseman] ... was able to obtain contracts on behalf of EIC." (Doc. 3, Factual Basis #10.)

1

"[B]y agreeing to provide, and by providing, these surreptitious payments to the relevant County employees in order to influence those employees' decisions as to awarding contracts, the defendant conspired with Greene, Creighton, and Stone to deprive the Government and citizens of Buncombe County of their right to the honest services of those employees." (Doc. 3, Factual Basis #15.)

Wiseman's offense concluded June 30, 2018. (Doc. 38, Judgment p. 1.) "From May 2014 through February 2018, Buncombe County paid [Wiseman's company] EIC approximately $1.9 million pursuant to those contracts." (Doc. 3, Factual Basis #5.)

Wiseman's own filings establish that he charged Buncombe County contract rates sufficient to not only pay for the trips, gifts, and favors for his co-conspirators but to also pay him the full annual income he was accustomed to. Specifically, "Wiseman's salary from CDM Smith during 2011 was $200,201" and during 2013 was only $150,000 per year. (Doc. 28-1, Report of Investigation #12; Doc. 28, Defendant's Sentencing Report p. 11 n. 12.) During the conspiracy from 2014 through 2017, Wiseman realized "an average annual income of $200,315," "*after* paying all overhead expenses and the trips and other personal expenses paid for Buncombe County employees." (Doc. 28-1, Report of Investigation #9 (emphasis added) & #11.) Therefore, after providing the trips, gifts, and favors to his co-conspirators, "Wiseman's average annual income of $200,315" from 2014 through 2017 remained "consistent with what he was making while employed at CDM Smith." (Doc 28-1, Defendant's Report of Investigation #12.)

In addition, Wiseman accompanied the County official co-conspirators on almost all the trips.

Between 2014 and 2017, Buncombe County paid Wiseman's co-conspirators a total of $3,858,151.09 as employment compensation paid in exchange for honest and faithful services, as follows:

2

Total Compensation to Wiseman's Co-Conspirators

| County Employee | 2014 Compensation | 2015 Compensation | 2016 Compensation | 2017 Compensation | Total Compensation |
|---|---|---|---|---|---|
| Wanda Greene | $300,349.48 | $359,464.57 | $417,203.44 | $519,444.19 | $1,596,461.68 |
| Jon Creighton | $220,731.58 | $221,152.01 | $350,127.23 | $325,265.55 | $1,117,276.37 |
| Amanda Stone | $228,902.20 | $239,934.93 | $349,252.94 | $326,322.97 | $1,144,413.04 |
| Annual Total | $749,983.26 | $820,551.51 | $1,116,583.61 | $1,171,032.71 | $3,858,151.09 |

(Affidavit of Margaret Ellis, dated September 20, 2019.) The foregoing compensation figures do not include Buncombe County's substantial employer contributions for State retirement benefits or employer FICA contributions.

As a result of Wiseman's honest services fraud, Buncombe County received something substantially less than the honest and faithful services for which it paid Greene, Creighton, and Stone.

Statement of the Law

The Mandatory Victim Restitution Act [the "MVRA"] "requires that a defendant who has committed an offense by fraud or deceit pay restitution to identifiable victims who have suffered a pecuniary loss." U.S. v. Skowron, 529 Fed. Appx. 71, 73 (2013) (internal quotation marks and brackets omitted); 28 U.S.C. § 3663A(a) & (c)(1)(A)(ii).

"In such cases, the defendant must pay restitution equal to the value of the victim's lost 'property.'" U.S. v. Skowron, 529 Fed. Appx. at 73; 28 U.S.C. § 3663A(b).

Where a defendant has obtained an employment position entirely by fraud, Courts have ordered the defendant to pay restitution equal to the entire amount of employment compensation paid by the victim-employer as a result of the fraud. U.S. v. Bryant, 655 F.3d 232 (3rd Cir. 2011) (finding no abuse of discretion where District Court ordered restitution by repayment of entire salary one defendant received in sham job created as part of *quid pro quo* bribery scheme); U.S. v. Crawley, 533 F.3d 349, 359 (2008) (5th Cir. 2008) (finding no abuse of discretion where District Court

3

ordered restitution by repayment of the entire salary and pension the defendant-union officer received after and in connection with his voter fraud conviction).

In some instances, a defendant's fraud or offense has deprived an employer of the honest and faithful services of an employee, but the employee's services have had some value. In those instances, the property lost for the purposes of the MVRA is not the entire compensation paid the employee. Rather, "the 'property' lost by an employer consists of 'the difference in the value of the services that [the defendant] rendered ... and the value of the services that an honest [employee] would have rendered." U.S. v. Skowron, 529 Fed. Appx. at 73-74; U.S. v. Sapoznik, 161 F.3d 1117, 1121 (7th Cir. 1998) (holding Town lost "the difference in the value of the services that [the police chief] rendered [Town] and the value of the services that an honest police chief would have rendered"); U.S. v. Bryant, 655 F.3d 232, 254 n. 24 (3rd Cir. 2011).

Thus, where a defendant's fraud or offense has deprived an employer of the honest and faithful services of an employee, Courts have held that the victim-employer is entitled to restitution of a portion or percentage of the compensation paid the employee. U.S. v. Skowron, 529 Fed. Appx. at 73 (ruling "employer is entitled by law to compensation it paid an employee when the employer pays for honest services but receives something less"); U.S. v. Bahel, 662 F.3d 610, 649 (2nd Cir. 2011) ("There is no question that a portion of an individual's salary can be subject to forfeiture where, as here, an employer pays for honest services but receives something less."); U.S. v. Sapoznik, 161 F.3d at 1121.

However, it is not feasible or possible to determine the exact value of lost honest services with certainty. U.S. v. Sapoznik, 161 F.3d at 1122 (referencing "difficulty of estimating the loss that [defendant] actually imposed on the city"); U.S. v. Fiorentino, 149 F.Supp.3d 1352, 1359 & 1360 (S.D.FL. 2016). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e).

Where offenses have resulted in loss of honest services, a number of Circuits have held that it is not an abuse of discretion for a Court to base the amount of restitution upon a reasonable or conservative estimate of the value of services lost due to fraud.[1] U.S. v. Bahel, 662 F.3d at 650 ("conservative estimate of the cost of

---

[1] Further, the Fifth Circuit Court has held that it is the defendant's burden of proof to show, as an offset, the value of services that are something less than honest

4

the fraud"); U.S. v. Sapoznik, 161 F.3d at 1122 ("[A]rbitrary fraction" provided "cushion enough to keep within reasonable bounds the rough approximation that is all that is feasible in the computation of loss in a case such as this."); U.S. v. Skowron, 529 Fed. Appx. at 74; U.S. v. Fiorentino, 149 F.Supp.3d at 1359 ("reasonable estimate of the amount of the victim's loss").

In particular, "[m]ost courts faced with determining the percentage of honest services denied an organization due to a defendant's on-the-job fraud, have ordered restitution in amount equal to between 10 and 25% of a defendant's compensation." U.S. v. Fiorentino, 149 F.Supp.3d at 1360; U.S. v. Skowron, 529 Fed. Appx. at 74 ("Given the circumstances, the District Court did not abuse its discretion in ordering restitution equaling 20% of Skowron's salary for the period of his offense."); U.S. v. Sapoznik, 161 F.3d at 1121-1122 (District Court Judge acted within limits of her discretion in ordering police chief "to pay back only one year's salary, that is, one fourth of his total salary from the town."); U.S. v. Bahel, 662 F.3d at 650 ("find[ing] that requiring Bahel to repay less than 10% of his total salary was a conservative estimate of the cost of the fraud with respect to his salary").

Most of the published opinions regarding restitution for loss of honest services concern defendant-employees, whose honest services were lost. At least one District Court in the Fourth Circuit ordered restitution based upon the loss of a third party's honest services. In U.S. v. Wilkinson, 590 F.3d 259 (4th Cir. 2010), the defendant, Paul Wilkinson, pled guilty to conspiracy to defraud the United States, conspiracy to commit wire fraud, and conspiracy to steal trade secrets. Id. at 261. As part of these offenses, Wilkinson had entered an agreement with Matthew Bittenbender, an employee of Avcard, LLC, to obtain Avcard's bid information. Id. at 262. While not at issue before the Fourth Circuit, the case history discloses that the government submitted that Avcard was due $40,927.00 "for its loss of [co-conspirator] Bittenbender's honest services"; that the "$40,927.00 figure represented the prorated portion of Bittenbender's $54,569.00 annual salary over the nine months' duration of Wilkinson's offense conduct"; and that "the district court ordered [defendant] Wilkinson to pay ... $40,962.75 in restitution to Avcard under the MVRA." Id. at 264 & 267.

---

services. U.S. v. Bryant, 655 F.3d at 254 ("[I]t was [defendants'] burden to prove offsets for any legitimate services [defendant] Bryant might have rendered....").

5

## Analysis

In this action, Wiseman pled guilty to knowingly and willfully conspiring with County Manager Wanda Greene, Assistant County Manager Jon Creighton, and Assistant County Manager Amanda Stone to devise and execute a scheme and artifice to defraud and deprive the citizens and Government of Buncombe County of their right to the honest and faithful services of Greene, Creighton, and Stone through bribery, kickbacks, and the concealment of material information. (Doc. 1, Bill of Information #15; Doc. 38, Judgment p. 1.) The scheme and artifice affected and controlled the award of contracts by Buncombe County. (See Doc. 3, Factual Basis #10.)

Wiseman's offense extended from 2014 through June 2018. (Doc. 3, Factual Basis #9; Doc. 38, Judgment p. 1.)

Therefore, from 2014 through 2017, Wiseman's offense deprived Buncombe County of the honest and faithful services of County Manager Wanda Greene; of Assistant County Manager Jon Creighton; and of Amanda Stone, both during her employment as Assistant County Manager from 2014 through June 2017 and her service as County Manager from and after July 2017. From 2014 through 2017, the County paid for the honest and faithful services of Greene, Creighton, and Stone, but received something less.

As a result of Wiseman's offense, Buncombe County sustained a loss equal to the difference between the value of services that Greene, Creighton, and Stone actually rendered and the value of the services that honest and faithful Managers and Assistant Managers would have rendered. Buncombe County is entitled to restitution of a portion or percentage of the compensation paid Greene, Creighton, and Stone from 2014 through 2017. (This is particularly reasonable since the co-conspirators' compensation generally increased over time and Buncombe County would have terminated the co-conspirators if it had learned of Wiseman's conspiracy with them.)

For restitution purposes, a reasonable and conservative estimate of Buncombe County's loss due to Wiseman's honest services fraud is an amount between 10% and 25% of the compensation paid Greene, Creighton, and Stone from 2014 through 2017.

Between 2014 and 2017, Buncombe County paid Greene, Creighton, and Stone a total of $3,858,151.09 as employment compensation paid in exchange for honest and faithful services.

Twenty-five percent (25%) of the compensation the County paid Wiseman's co-conspirators equals $964,537.77.

Twenty percent (20%) of the compensation the County paid Wiseman's co-conspirators equals 771,630.22.

Ten percent (10%) of the compensation the County paid Wiseman's co-conspirators equals $385,815.11.

Buncombe County requests that the Court order Defendant Wiseman to pay Buncombe County restitution in an amount between $385,815.11 and $964,537.77 for its loss of the honest and faithful services of Greene, Creighton, and Stone due to Wiseman's offense.

This, the 26th day of September, 2019.

Ronald K. Payne
N.C. Bar Nº 7961
Philip S. Anderson
N.C. Bar Nº 21323
Long, Parker, Payne,
Anderson & McClellan, P.A.
301 College Street, Suite #320
Asheville, NC 28801
Telephone: 828/258-2296
email: philip@longparker.com
*Attorneys for Buncombe County*