IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:19-cr-17-RJC |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH F. WISEMAN, JR., | ) | |
|    Defendant | ) | |
| _____ | ) | |

**DEFENDANT'S SUBMISSION OF ADDITIONAL EXPERT
REPORTS IN OPPOSITTION OF RESETITUTION**

Now Comes Defendant, Joseph F. Wiseman, Jr., ("Mr. Wiseman") by and through his undersigned counsel, and respectfully submits the following expert reports which refute Buncombe County's (the County's) claim for restitution. Doc. No. 41-1. These reports, along with the previously submitted report prepared by former federal agent Ron Taylor (Doc. No. 28-1) demonstrate the County has suffered no actual damages as a result of Mr. Wiseman's offense of conviction. Accordingly, the County is not entitled to restitution from Mr. Wiseman.

During Mr. Wiseman's sentencing hearing on August 28, 2019, the Court granted the Government's motion to postpone the decision on whether the County was entitled to any restitution for 90 days, pursuant to 18 U.S.C. 18 U.S.C. § 3664(d)(5) and ordered the parties to submit any expert reports supporting or

refuting an award of restitution within 30 days of the sentencing hearing.[1]  Pursuant to that Order, Mr. Wiseman is submitting these two expert reports to supplement and amplify the expert report already in the record from Investigator Ron Taylor.

Additionally, pursuant to the Local Rules, Mr. Wiseman will be submitting a specific response to Buncombe County's submission filed yesterday, September 26, 2019, within seven (7) days.

**INTRODUCTION**

Restitution in this case is governed by the Mandatory Restitution to Victims Act, 18 U.S.C. § 3663A.  That statute provides, in pertinent part, that restitution may be ordered for any "victim" of the offense who has been "*directly and proximately harmed*" because of the offense.  18 U.S.C. § 3663A(a)(2).  As noted by the Supreme Court, for purposes of restitution, the requirement of "proximate cause forecloses liability in situations where the causal link between conduct and result is so attenuated that the so-called consequence is more akin to mere fortuity."  *Praoline v. United States*, 572 U.S. 434, 448 (2014).   "So to say that one event was a

---

[1] In its Memorandum Regarding Restitution, the Government states that the Court "directed the parties to submit their *pleadings* within 30 days."  Doc. No. 41, p. 1.  The defense understood the Court's order to require the submission of expert reports only within thirty days of the sentencing hearing, with reasonable additional time allowed for responding to each party's submission. Pursuant to Local Rule 47.1, Mr. Wiseman will respond to the County's recent submission within seven days, without objection from the Government.

proximate cause of another means that it was not just any cause, but one with a sufficient connection to the result." *Id*. at 444.

Additionally, restitution for federal criminal purposes requires proof of an *actual* loss, not intended loss, gain, or some other substitute for direct pecuniary harm. *See, e.g., United States v. Stone*, 866 F.3d 219, 226 (4th Cir. 2017) ("A court may base its restitution order on *actual losses only*, not intended losses.") (emphasis added). A defendant's gain is not a proper substitute for proof of actual damages. *United States v. Harvey*, 532 F.3d 326, 341 (4th Cir. 2008). And, the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the *Government*." *United States v. Steele*, 897 F.3d 606, 613 (4th Cir. 2018) (emphasis in original).

## Statement of Facts

In the interest of brevity, Mr. Wiseman adopts the Government's statement of facts, as set forth in Doc. No. 41-1, pp. 1-3, with the following additions omitted by the County:

1. All of Mr. Wiseman's contracts with the County, through his company Environmental Infrastructure Consulting ("EIC"), were "lump sum contracts, with the County agreeing to pay a particular sum to EIC *regardless of any additional expenses that EIC might incur in performing the contract*." Doc. 3, π 10 (emphasis added).

2. "The defendant contends that the expenses he incurred by providing these trips, gifts, and other things of value came out of what otherwise would have been part of the profit he would have made as part of the lump-sum contracts, rather than from any type of "padding" or inflating the contract amount in order to pay for these expenses. *The Government's investigation has thus far neither confirmed nor rebutted this contention as to whether the contracts themselves were inflated in such a way as to charge the County more in order to fund these illegal expenses*." Doc. 3, ¶15 (emphasis added).

3. "The value of the gifts and things of value that [Mr. Wiseman] provided to those County employees exceeded $40,000" (Doc. 3, ¶ 15) but did not exceed $95,000. Doc. 2, ¶ 8.c.

### The County's Claim for Restitution

The County submitted its original claim for restitution to the United States Probation Officer on May 17, 2019. Doc. 20, ¶ 24. In its submission, the County claimed that it was due restitution in the amount of $500,000 based on its *belief* that Mr. Wiseman inflated his contracts to pay for the costs of the trips taken by the corrupt government officials with whom he is charged with conspiring:

> [I]t is believed that those trips, etc. costs (*sic*) in excess of $500,000.00 which was billed to Buncombe County under the guise of 'work.' Buncombe County is currently in the process of having someone who works in the same field review the contracts with Mr. Wiseman's company to determine how much Buncombe County was overcharged in addition to the aforementioned trips, etc.

*Id*.  As noted by the Probation Officer, however, "[n]o supporting documentation was submitted with the victim's request for restitution."  *Id.*

Nevertheless, to put this issue firmly to rest, Mr. Wiseman retained the expert services of former Special Agent Ron Taylor to conduct a forensic examination of the contracts with the County.  In addition, Mr. Wiseman retained the services of a well-respected, independent engineering and consulting firm to evaluate the reasonableness of prices charged to the County for his services.

Attached to Mr. Wiseman's sentencing memorandum is Mr. Taylor's report.  Doc. 28-1.  Based on his forensic analysis of Mr. Wiseman's contracts, Mr. Taylor has offered the following expert opinion:  "Based on my experience, my expertise, my thorough review of the relevant evidence and my discussions with Mr. Wiseman, I have concluded, to a reasonable certainty that Mr. Wiseman did not, and could not, have padded or inflated his contracts with Buncombe County."

Attached to this memorandum are two reports from Sterner Consulting, the independent engineering and consulting firm.  Sterner initially reviewed twenty-eight contracts between EIC and//or Petra Engineering and the County.  Based on that review, Sterner provided the following expert opinion:  "In our opinion, and based upon our expertise and experience, we believe that all of the Wiseman/EIC/Petra contracts with Buncombe County that we reviewed are reasonable, and in no case did we believe that there were any inflated or excessive

Page **5** of **8**

Case 1:19-cr-00017-RJC-WCM   Document 42   Filed 09/27/19   Page 5 of 8

terms or charges above what we typically encounter in our review of landfill and engineering projects across the United States." Attachment 1, p. 2.

Sterner was subsequently requested to review a second set of approximately twenty-two annual or longer-term contracts between EIC and/or Petra and the Couny. Again, based on that review, Sterner offered the following expert opinion: "In our opinion, and based upon our expertise and experience, we believe that all of the Wiseman/EIC/Petra contracts with Buncombe County that we reviewed are reasonable, and in no case did we believe that there were any inflated or excessive terms or charges above what we typically encounter in our review of landfill and engineering projects across the United States."

Based on these expert opinions, the County has suffered no actual damages that were proximately caused by Mr. Wiseman's criminal conduct. Accordingly, the County is not entitled to restitution under its theory that Mr. Wiseman's contracts were inflated. [2]

Respectfully submitted, this 27th day of September 2019.

---

[2] In its recent filing, the County has presented no evidence in support of its original, unsupported claim that it is entitled to restitution because EIC/Mr. Wiseman inflated his contracts, and it appears to have abandoned that unsustainable theory. Now, over four months after submitting its original claim to the Probation Officer, the County has developed what can only be characterized as a novel theory of restitution. As Mr. Wiseman will demonstrate to the Court in its response to this most recent submission by the County, its current theory is also flawed and cannot serve as the basis for restitution in this case. As importantly, even if the theory were viable (which it is not), the County has failed to provide any evidentiary support for its current claim. As noted, Mr. Wiseman will respond to the County's latest submission within the next seven days, as required by Local Rule 47.1

Page **6** of **8**

Case 1:19-cr-00017-RJC-WCM    Document 42    Filed 09/27/19    Page 6 of 8

DABROWNLAW LLC
/s/david a. brown, sr.
David A. Brown, Sr.
NC Bar No. 48997
360 Rosemore Place
Rock Hill, SC 29732
Dabrownsr79@gmal.com
(704) 654-9418

PIERSON LAW, LLC
/s/ Holly A. Pierson
Holly A. Pierson
GA Bar No. 579655
3127 Maple Drive, NE
Atlanta, GA 30305
hpierson@piersonlawllc.com
(404) 353-2316

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Sentencing Memorandum, with attachments, on this, the 27th day of September 2019, with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to counsel for the United States.

/s/ David A. Brown
David A. Brown
N.C. Bar No. 48997