IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    Plaintiff                                   )<br>                                          )<br>            v.                                   )<br>                                         )<br>JOSEPH F. WISEMAN, JR.,        )<br>    Defendant                      )<br>_____) | Crim. No. 1:19-cr-17-RJC |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO GOVERNMENT'S MEMORANDUM
REGARDING RESTITUTION**

Now Comes Defendant, Joseph F. Wiseman, Jr., ("Mr. Wiseman") by and through his undersigned counsel, and respectfully moves for an extension of time of seven days to respond to the Government's Memorandum regarding restitution. In support of this motion Mr. Wiseman submits the following:

1. During the sentencing hearing, the Court granted the Government's motion to postpone the decision on whether Buncombe County (the County) was entitled to any restitution for 90 days, pursuant to 18 U.S.C. 18 U.S.C. § 3664(d)(5) and ordered the parties to submit any expert reports supporting or refuting an award of restitution within 30 days of the sentencing hearing.

2. On September 26, 2019, the Government filed a memorandum regarding restitution. Doc. No. 41. Attached to the Government's pleading was a

seven-page memorandum from the County also dated September 26, 2019. Doc. 41-1.

3. The County's memorandum espouses a completely new theory of restitution and a novel methodology for calculating the amount of restitution due from a non-employee convicted of honest services fraud like Mr. Wiseman. Doc. 41-1, pp. 6-7.

4. Contrary to the information provided to the United States Probation Officer on May 17, 2019 in which the County alleged that it was due $500,000 in restitution from Mr. Wiseman (Doc. No. 20, ¶ 24), the County now claims that it is due restitution "in an amount between $385,815.11 and $964,537.77." Dock. No. 41-1, p. 7

5. Pursuant to Local Criminal Rule 47.1, the time for filing a response the Government's memorandum is seven days from the date of filing or, in this case, October 3, 2019.

6. Counsel has been diligently working on a response but co-counsel, Ms. Pierson, has had a family emergency which has adversely affected her ability to participate fully in crafting the response.

7. Undersigned counsel has conferred with counsel for the United States who has interposed no objection to the request for an extension of time.

8. This request is not made for the purpose of delay.

Accordingly, Mr. Wiseman respectfully requests the Court to grant a seven-day extension of the time for filing a response to the Government's memorandum. If this motion is granted by the Court, Mr. Wiseman's response will be filed on or before October 10, 2019.

Respectfully submitted, this 1st day of October 2019.

DABROWNLAW LLC
/s/david a. brown, sr.
David A. Brown, Sr.
NC Bar No. 48997
360 Rosemore Place
Rock Hill, SC 29732
Dabrownsr79@gmal.com
(704) 654-9418

PIERSON LAW, LLC
/s/ Holly A. Pierson
Holly A. Pierson
GA Bar No. 579655
3127 Maple Drive, NE
Atlanta, GA 30305
hpierson@piersonlawllc.com
(404) 353-2316

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Sentencing Memorandum, with attachments, on this, the 1st day of October 2019, with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to counsel for the United States.

/s/ David A. Brown
David A. Brown
N.C. Bar No. 48997